John Lawson, Appellant, v. William J. Merrall and Another, Respondents.

*Falling of a hand elevator — injury to an employee — failure of proof of negligence on the part of the employer.*

In an action brought by an employee to recover the damages resulting from an injury received while in the defendants' employment, claimed to have been caused by the defendants' negligence in permitting an elevator to be out of repair, it appeared that while the plaintiff, who was in the employ of the defendants, was assisting in operating a hand elevator in the defendants' stable, an iron clamp, to which wire ropes were fastened, broke and the elevator fell and injured him.

The plaintiff testified that one or more anti-friction rollers, on which a counter-shaft revolved, which operated a drum on which the wire ropes wound and unwound, had dropped out of place some ten months before the accident, and so far as he knew, had not been replaced, but he also testified that the elevator had been safely operated since then until the accident in suit.

An expert called by the plaintiff testified that this state of affairs would indicate that the missing rollers had been replaced or new ones substituted. There was no evidence explaining why the iron clamp broke.

On appeal from a judgment dismissing the complaint,

*Held,* that the evidence fell far short of showing that the defendants were negligent in the care or operation of the elevator, and, hence, that the complaint was properly dismissed.

Appeal by the plaintiff, John Lawson, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the city and county of New York on the 12th day of March, 1892, upon the dismissal of the complaint on the merits at the New York Circuit.

*Alfred B. Cruikshank,* for the appellant.

*John M. Scribner,* for the respondents.

Follett, J.:

This action was brought by an employee against his employers to recover damages for a personal injury alleged to have been caused by their negligence. The defendants occupied a stable three stories high in Fiftieth street in this city, the second and third stories of which were used for storing feed for their teams. In this stable was a hand elevator for hoisting hay and grain to the upper floors, the

usual load for which was 2,000 pounds. The carriage was sustained by two wire ropes fastened to an iron clamp on its top which wound around the drum as the carriage was drawn up, and unwound when it was lowered. The drum was operated by a countershaft and pulleys, the ends of the countershaft revolving on anti-friction iron wheels or rollers. The elevator was usually operated by four or more men pulling down on a rope which caused the drum to revolve and the carriage to move upwards. On some occasions four men worked at the rope and at other times more, depending on the weight of the hay or grain to be hoisted.

On the 24th of November, 1888, the plaintiff and three others, standing on the first floor, were engaged in hoisting about a ton of oats to one of the upper floors, and before the carriage reached its destination, the iron clamp to which the wire ropes were attached broke, and the carriage fell, fracturing the plaintiff's right leg.

The plaintiff alleged in his complaint, and sought to prove on the trial, that the accident was caused by the defendants negligently permitting the elevator to be out of repair. He did not allege, nor did he seek to prove, that the elevator was defective in design or in construction. The particular defects complained of and sought to be established by the evidence were that about ten months before the accident one or more of the anti-friction rollers dropped out of place, and that sometimes the carriage would get out of the guides or sheaves which were designed to hold it in place. The plaintiff testified that about ten months before the accident one of the anti-friction rollers dropped out. He also testified: " I saw two or three other rollers out, lying upon the top floor alongside of the elevator, as far as I know they were out all the time." How long before the accident he saw the rollers lying on the floor does not appear, nor was it shown that new rollers had not been substituted in the place of those that were out. The plaintiff simply testified that " up to the time this accident occurred the elevator was never repaired to my knowledge; I was there all the time." There is no evidence that any of the rollers were out of position at the time of the accident. The plaintiff testified that from the time when the roller fell to. the time of the accident, a period of ten months, the elevator was used daily, carrying loads as usual, and that no other accident happened. An expert called by the plaintiff

testified that this state of affairs would indicate that the missing rollers had been replaced or new ones substituted. There was no attempt to show that the clamp which broke was insufficient in size, was of poor iron, or was in any way defective; nor was it shown whether the fracture was new or old. The only other defect in the working of the elevator disclosed by the evidence is that on four or five occasions, the last one about a month before the accident, the carriage, when hoisted, would get out of the grooves or guides on its sides; that on such occasion it would be lowered, shoved into place, and then that it worked well. A witness called by the plaintiff testified that unless the carriage was evenly loaded it would sometimes be thrown out of the grooves. On the occasion of the accident the plaintiff loaded the elevator, and the evidence fails to show that it got out of its grooves on this occasion.

There is no evidence in the case showing that any of the anti-friction rollers were out of position at the time of the accident, or that any had been for a long time before. Indeed, there was an utter failure to show that there was any cause for the accident except the breaking of the clamp, but why it broke was left wholly unexplained by the evidence.

We think it very clear that the evidence fell far short of showing that the defendants or any of their agents were negligent in the care or operation of the elevator, and that the judgment should be affirmed, with costs.

VAN BRUNT, P. J., and BARRETT, J., concurred.

Judgment affirmed, with costs.